IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LINDSEY ANTONIO WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00238 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL MCPHEETERS, | ) | By:   Hon. Thomas T. Cullen |
| | ) |            United States District Judge |
| Defendant. | ) | |

Plaintiff Lindsay Antonio Wilson, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, claiming that his criminal defense attorney provided ineffective legal assistance during his state criminal trial. Wilson also submitted a partial application to proceed *in forma pauperis*. However, court records indicate that Wilson has had at least three prior actions dismissed for failure to state a claim upon which relief may be granted.[1] Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Wilson may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (holding that "any dismissal for failure to state a claim, whether with prejudice or without," counts as a strike for purposes of § 1915(g)).

---

[1] *See, e.g., Wilson v. McPheeters*, No. 7:21-cv-00042 (W.D. Va. Jan. 27, 2021); *Wilson v. Doe*, No. 7:21-cv-00082 (W.D. Va. Mar. 24, 2021); *Wilson v. Unknown*, 7:21-cv-00096 (W.D. Va. Mar. 24, 2021).

Wilson's complaint clearly fails to satisfy the "imminent danger" exception to the three-strikes provision. Because Wilson has not prepaid the filing fee, the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g).[2]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 1st day of June, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that "[h]abeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement." *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 694–95 (4th Cir. 2015). The court declines to construe Wilson's complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254, because it does not appear that he has exhausted available state court remedies. *See* 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For claims of ineffective assistance of counsel, a petitioner may file a habeas corpus petition in the Circuit Court where the petitioner was convicted and appeal any adverse ruling to the Supreme Court of Virginia. Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, a petitioner may file a habeas corpus petition directly with the Supreme Court of Virginia. *Id.* § 8.01-654(A)(1). Whichever route a petitioner follows in exhausting state court remedies, he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.